ABSALOM KEES *v.* PIERRE LEFEBVRE.

One who excepts to the opinion of an inferior court, must place on the record whatever may be necessary to enable the Supreme Court to come to a decision.

APPEAL from the District Court of Lafourche Interior, *Nicholls,* J.

*Beatty* and *Thibodeaux,* for the plaintiff.

*R. W. Nicholls,* for the appellant.

GARLAND, J. This suit was brought to recover the amount of an account for work and labor as an undertaker, and for materials furnished by the plaintiff, for the construction of a large dwelling house on the plantation of the defendant. The latter in

his answer, alleges that at first, a plan of the building, and specifications as to the materials and cost, were drawn by the plaintiff and agreed to; but that subsequently, the building was by consent, much enlarged, and finished in a style very different from the first intention of the parties. The defendant alleged that the workmanship was very defective, and pleaded payments to a large amount, on account of the building. The case was tried by a jury who found a verdict for the plaintiff for $4,857 46; and the defendant appealed.

While the case was pending below, the defendant made affidavit, that there existed a plan, and a specification of the materials to be used in the house, as first projected, and an estimate of the cost which were in the possession of the plaintiff, and had been agreed to by the parties. He called on the plaintiff to produce these papers, and demanded, in the event of their not being produced, that the affidavit made in relation to their contents should be taken as true. In obedience to the order of the court the plaintiff produced a paper which purported to be the original plan and specifications, and also stated the changes that had been made. To the reception of this paper the defendant objected, on the ground that it was not responsive to the call made, and that a portion of the contents made no part of the specifications, and was written after the partial completion of the house, and without the privity or assent of the defendant. The court overruled the objection, and the defendant excepted. The defendant relies on article 140 of the Code of Practice to sustain his objection. That article is explicit enough in itself, but its applicability to the present case is not obvious, nor has the defendant established it. The bill of exceptions seems to present a question of fact rather than of law. The defendant in his affidavit states the existence of a paper or papers which he says contain certain things. A paper is produced, and he then alleges that it contains more than he alleged or wanted, and that a portion must be rejected because something had been added to which he never assented. This raises an issue of fact, and the record does not enable us to decide it. The counsel for the defendant says that the face of the paper shows that it was written at different times, and subsequent to the partial construction of the building. This is very

Kees v. Lefebvre.

true; but we find an admission in the record, that the plan was changed after the principal wall was raised. It may be that the addition to the original plan and specifications was made when the change in the plan was agreed to; but whether it was assented to or not, we have not the means of deciding. It has often been said by this court, that a party excepting must place on the record all that is necessary to enable it to come to a conclusion. This has not been done in the present case, and we cannot say that the court erred.

There is a mass of testimony in the record; and on several important points it is contradictory. A number of witnesses swear that the work was well executed and the materials good. Others say directly the contrary. Three workmen were appointed by the court, as experts, to examine the work and materials. They differed in opinion; the evidence of two being strongly with the plaintiff, and one saying that there ought to be a deduction from the amount charged. The weight of testimony appears to us not only from the report of the experts, but from the statement of other witnesses, to be in favor of the plaintiff. The jury found a verdict for him; and the Judge, who heard all the evidence, refused a new trial after a charge to the jury, to which no exception was taken.

The counsel for the defendant has insisted most strenuously, that the original estimate and specifications should be taken as a basis, and an allowance made in the same proportion for the additional work on the building. This we do not think just, as it is shown that the workmanship and finishing were in the first instance, to have been plain and substantial. Afterwards the plan was much enlarged; additional rooms, doors, windows, partitions, &c. were required, costly mantel pieces of marble were substituted for those of wood, a roof of slate was put on instead of shingles, and costly materials were used to finish the house in a manner appropriate to its increased dimensions, and to suit the taste and convenience of the owner. It would be unjust to fix as a criterion for the cost of a palace, the price of the plain, substantial materials and workmanship for an ordinary farm house, adding only for the increased quantity of labor and materials.

The defendant has not complained of any credit being disallowed, of whlch he made any proof.

*Judgment affirmed.*